**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOHN E. MITCHELL,<br>CDCR #H38255,<br>Plaintiff,<br>v.<br>UNITE THE PEOPLE, INC.; MICHAEL R. HAYDEN; CRYSTAL MORGAN; TRAVIELLE POPE; KYLAH DUVENARY,<br>Defendant. | Case No.: 26-cv-02421-AJB-AHG<br>**ORDER:**<br>**(1) DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a); AND**<br>**(2) DENYING MOTION TO APPOINT COUNSEL (Doc. No. 2)** |

Plaintiff John E. Mitchell, proceeding *pro se* and currently incarcerated at Valley State Prison, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. (*See* Doc. No. 1.) Plaintiff also moves for appointment of counsel. (Doc. No. 2.) For the reasons explained, the Court dismisses the action *sua sponte* without prejudice and denies his motion for appointment of counsel.

**I. Failure to Pay Filing Fee**

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of *habeas corpus*, must pay a filing fee of $405, consisting of a $350 statutory fee plus an additional administrative fee of $55, although the $55 administrative fee does not apply to persons granted leave to proceed *in forma pauperis* ("IFP"). *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023)). An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Prisoners, however, "face an additional hurdle." *Moore v. Maricopa Cnty. Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). To further "the congressional goal of reducing frivolous prisoner litigation in federal court," prisoners cannot proceed IFP once they "have, while incarcerated, on 3 or more *prior* occasions had claims dismissed due to their frivolity, maliciousness, or failure to state a claim." *Tierney v. Kupers*, 128 F.3d 1310, 1311–12 (9th Cir. 1997) (cleaned up); *see also* 28 U.S.C. § 1915(g) ("In no event shall a prisoner bring a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal . . . that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.").

Here, Plaintiff has at least three prior strikes. *See Mitchell v. Allison*, No. 21-cv-00138-TWR-LL (S.D. Cal. Mar. 18, 2021) (Doc. No. 4) (order denying motion to proceed IFP as barred by 28 U.S.C. § 1915(g)); *id.* at *4 (listing strikes accrued upon dismissal for failure to state a claim in *Mitchell v. Marshall*, No. 2:10-cv-07351-UA-SH (C.D. Cal.); *Mitchell v. Marshall*, No. 2:12-cv-02048-ABC-SH (C.D. Cal.); and *Mitchell v. Norton, et al.*, No. 1:12-cv-00331-GSA (E.D. Cal.)).

As such, Plaintiff would be ineligible to proceed IFP unless he can meet the "imminent danger of serious physical injury" exception under 28 U.S.C. § 1915(g).

Imminent danger requires an allegation that a harm is "ready to take place" or "hanging threateningly over one's head." *Andrews v. Cervantes*, 493 F.3d 1047, 1056 (9th Cir. 2007) (cleaned up). It "cannot be triggered solely by complaints of past injury or generalized fears of possible future harm." *Hernandez v. Williams*, No. 21-cv-347-MMA-KSC, 2021 WL 1317376, at *2 (S.D. Cal. Apr. 8, 2021) (cleaned up). Nothing in Plaintiff's complaint plausibly suggests he faceds imminent danger attributable to the defendants at the time of filing. *See Ray v. Lara*, 31 F.4th 692, 701 (9th Cir. 2022) (noting that § 1915(g)'s imminent danger exception "functions as a limited safety valve for a prisoner who has exhausted his three strikes but nevertheless faces imminent danger *stemming from the violations of law alleged in his complaint*" (emphasis added)). Instead, Plaintiff contends he was "duped" and "victimized" by attorneys who allegedly failed to honor a contract for legal services in a prior civil action. (Doc. No. 1 at 9–10.)

Therefore, because Plaintiff has not prepaid the $405 in filing and administrative fees required to commence this civil action and is no longer entitled to the privilege to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g), his case cannot yet proceed. *See* 28 U.S.C. § 1914(a); *Andrews*, 493 F.3d at 1051.

## II. Motion for Appointment of Counsel

Plaintiff also seeks appointment of counsel, claiming he is likely to succeed on the merits. (Doc. No. 2 at 1.) There is, however, no constitutional right to counsel in a civil case. *Lassiter v. Dep't of Social Servs.*, 452 U.S. 18, 25 (1981); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). And while 28 U.S.C. § 1915(e)(1) grants the district court limited discretion to "request" that an attorney represent an indigent civil litigant, this discretion is exercised only under "exceptional circumstances." *Agyeman v. Corr. Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). And, importantly, such discretion necessarily depends upon Plaintiff's IFP status. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel.").

Because Plaintiff has not demonstrated he is eligible to proceed IFP pursuant to 28

U.S.C. § 1915(a), he cannot show he is "unable to afford counsel" as required by § 1915(e)(1). The Court, moreover, has reviewed Plaintiff's Complaint and does not find that exceptional circumstances justify appointment of counsel. Therefore, Plaintiff's Motion for Appointment of Counsel must also be **DENIED**.

## III. Conclusion and Order

Accordingly, the Court:

(1) **DISMISSES** this civil action *sua sponte* without prejudice based on Plaintiff's failure to pay the $405 in civil filing and administrative fees;

(2) **DENIES** Plaintiff's Motion to Appoint Counsel (Doc. No. 2); and

(3) **GRANTS** Plaintiff 45 days' leave from the date this Order is filed to prepay the entire $405 civil filing and administrative fee in full. *See* 28 U.S.C. § 1915(a)(2); S.D. Cal. Civ. L.R. 3.2(b).

Should Plaintiff fail to pay the full $405 filing and administrative fee within 45 days, this civil action will remain dismissed without prejudice pursuant to 28 U.S.C. § 1914(a), and without further Order of the Court.

**IT IS SO ORDERED.**

Dated: September 18, 2026

Hon. Anthony J. Battaglia
United States District Judge